**John Walker, Appellee, v. Jacob Walz and the Gaelic Athletic Association, Impleaded, etc., Appellant.**

**Gen. No. 17,049.**

INJUNCTIONS—*do not lie as substitute for ejectment suits.* After the termination of a lease the remedy of the landlord is by action at law to recover possession rather than by bill in equity.

Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Reversed. Opinion filed April 7, 1911.

JOHN J. COBURN and WILLIAM H. BARNUM, for appellant.

GARDNER, CARTON & GARDNER, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

This is an appeal by The Gaelic Athletic Association from an interlocutory injunction order of the Superior Court entered against the Association on July 26, 1910, upon a bill filed by John Walker, appellee, against Jacob Walz and the Gaelic Athletic Association.

The bill avers that the complainant Walker, long prior to March 1, 1908, and at the time that the bill was filed was the owner of the following described premises: Except the right of way of railroad the east quarter of the northeast quarter of section 12,

township 38, north, range 14, east of the third principal meridian in Cook county, Illinois; that prior to March 1, 1908, certain parties unknown to the complainant, but whom he believes to be the representatives of the Gaelic Athletic Association applied to Henry A. Gardner, complainant's agent, for a lease of a part of the premises, for the use of a ball park, and Gardner, acting under the complainant's instructions, informed said parties that under no circumstances would the complainant lease the premises for use as a ball park, and still less would he lease them for five years; that on March 9, 1908, the complainant made a lease of said described premises to one Jacob Walz, defendant in the bill, and that in said lease it was expressly agreed that the premises were to be occupied as a farm only by the lessee for a term commencing April 1, 1908, and ending March 31, 1912, and said lease provided that the lessee should not assign the lease, or sub-let the premises, or any part thereof, without the complainant's written consent endorsed thereon, and that the lease might be terminated by the complainant on ninety days' written notice.

The bill shows that the premises are in Chicago and are valuable, and if used as a ball park, or place of public entertainment, or for the sale of liquors, or if leased for a long period, so that the complainant could not sell or lease and deliver possession thereof, great damages would be caused to the complainant; that after the making of the lease to Walz, and without the knowledge of the complainant, or his agent Gardner, Walz made a lease of a part of the premises to one James F. Cassidy, and Cassidy thereupon placed the Gaelic Athletic Association in possession, but made no lease to it so far as the complainant is informed and believes, but on December 21, 1909, Cassidy made a written assignment of all his interest in the lease to a corporation known as the Illinois State Gaelic Athletic Association, and that the Association entered into possession of the premises by some agree-

ment with Cassidy unknown to the complainant, erected buildings thereon, and opened a saloon for the sale of intoxicating liquors on the premises, and that it continues to be and is now in possession thereof; that the complainant had no knowledge of the leasing of the premises to Cassidy by Walz until recently nor of the occupation of the premises by Cassidy or the Association; that he first had notice that the Association was occupying the premises about February, 1910, and immediately thereafter notified Walz that he had elected to terminate immediately the lease to Walz for violation of the conditions and covenants thereof; that the complainant has never authorized any different use of the premises than that specified in the lease to Walz, and has never authorized Walz to sub-let or assign the lease, nor authorized the making of the lease to Cassidy, nor has he authorized Cassidy or the said Association to take or remain in possession of the premises, and he never has received any rent from the lessee, or the Association; that the Association is still in the possession of the premies using the same as an athletic field, giving public entertainments to a large number of football teams and hurling clubs, and maintaining a saloon for the sale of liquors, which use of the premises will operate to the great damage of the complainant.

The bill makes the Association and Walz defendants, and prays for an answer to the bill, waiving the oath to the answer and for an injunction from using the premises or any part thereof as an athletic field, and giving public entertainments thereon, either by games between football teams or games between hurling teams or otherwise, and from operating a saloon thereon, and from using the premises or any part thereof for any use inconsistent with farming purposes, and that Walz and the Gaelic Athletic Association may be required to surrender possession of the premises forthwith.

The defendant, The Gaelic Athletic Association, answered the bill on May 28, 1910, setting up that it had

been in possession of the premises and using them as a ball park for amusement and entertainment purposes, and denying that it occupied the ground without the knowledge and consent of complainant or his agent. It denies that it is occupying the premises and operating a saloon thereon without the knowledge and consent of complainant or his agent, and denies that the complainant is entitled to the relief demanded by the bill, and prays that same advantage of the answer as if the defendant had pleaded or demurred to the bill, and denies all other allegations of the bill.

Upon the hearing of the motion for an order for an injunction the complainant offered in evidence his lease to Walz, and the affidavits of Henry A. Gardner, James F. Cassidy, John T. Cahill, Michael Sullivan, David T. Layman, Jr., and the complainant stating facts tending to support the averments of the bill.

From a reading of the bill we are of the opinion that it does not set up sufficient facts to show that the controversy is one over which a court of equity has jurisdiction. It seems to be a controversy in which the complainant has a complete and adequate remedy in law by an ejectment suit or by a forcible detainer suit. It seems to us to be in reality an ejectment bill, and it cannot be maintained as such. The bill shows that the lease and all rights under it have been terminated, and that there is no possible reason why the complainant should not resort to his legal remedies above suggested, which will afford him a complete and adequate relief more expeditiously than a bill in equity.

We think that a court of equity was without jurisdiction to enter the injunctional order appealed from and that this sufficiently appears upon the face of the bill. The case made by the bill presents no ground for equitable relief, and the granting of the injunction was therefore without authority of law, and the order is therefore reversed.

*Reversed.*